WILLIAM CROWTHER
*vs.*
EDWARD DOYLE

Superior Court      New Haven County      File No. 61105

MEMORANDUM FILED MARCH 2, 1942.

*Leon E. McCarthy*, of Ansonia, for the Plaintiff.

*Watrous, Gumbart & Corbin*, of New Haven, for the Defendant.

WYNNE, J. The plaintiff's argument is based almost entirely on the claim that the jury's verdict cannot be rationalized with the evidence. This finds its basis by attaching significance to the jury's inquiry concerning contributory negligence and then jumping to the conclusion that the jury adopted *in toto* the theory of the defendant.

It must be borne in mind that the case was unusual to the extent that not a single witness ventured direct evidence of the happening. Of necessity the finding of ultimate fact had to be arrived at by inference. Fortunately, we do not have to read the minds of the jurors, for if their conclusion is sound it must stand.

The court is of the opinion that neither the plaintiff's theory nor the defendant's is the correct one; and that the case presented to a unique degree a jury's finding on inquiry into blind and somewhat baffling facts. It is altogether probable that plaintiff had started to cross the street when he was hit. His own story offers nothing to cling to. And it is reasonable to conclude that it was the defendant's car which struck him. The defendant's sense of responsibility on the night in question and thereafter, his condition of being completely unnerved (which would hardly be caused by an experience such as he now thinks he recalls), indicate to the court's mind that it was his car that struck and felled the plaintiff. Apparently the blow was slight and was glancing— just enough to topple the plaintiff to the street. It was then that defendant applied his brakes and swerved sharply to his right, and signalled southbound traffic to stop. The jury could have felt that plaintiff had gotten out into the street and was to some extent at least, intoxicated.

It was an easy conclusion that even if the defendant failed in some particular, the plaintiff also did. Hence the inquiry, prompted probably by some of the jurors in their speculations. But the ultimate conclusion is reasonable, possible, a sound and logical inference from evidence, and not more Delphic than conclusions of fact sometimes have to be in human happenings.

The resulting verdict represents the same conclusion the court would have arrived at if the trial had been to the court Perhaps this weighs with the court in feeling that the jury justified its time-honored prerogative.

The motion is denied.